UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**CARSON WHEELER,**

                **Plaintiff,**               **COMPLAINT**

           v.                          **Case No.**  17 Civ. 7200

**ARAMARK SERVICES, INC.,**

                **Defendant.**
-----------------------------------------------------------------x

      Carson Wheeler ("hereinafter "Plaintiff"), by and though his undersigned attorneys, for his Complaint, against Aramark Services, Inc. (hereinafter "Defendant"), alleges as follows, on behalf of himself, upon information and belief:

## NATURE OF ACTION

1. Plaintiff alleges that he is entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by the Fair Labor Standards Act §§ 29 U.S.C. 201 et seq. ("FLSA") and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V *et seq.* ("Federal Wage Regulations"); and, (ii) attorneys fees and costs, interest and liquidated damages pursuant to the FLSA and its Federal Wage Regulations.

2. Plaintiff alleges that he is also entitled to: (i) overtime wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by New York State's Minimum Wage Act, New York State Labor Law §§ 190 *et seq.* and §§ 650 *et seq.* ("NYLL"), and New York State Department of Labor's Miscellaneous Industries and Occupations Minimum State Wage Order, Part 142 *et seq.* ("State Wage Order"); (ii)

damages associated with Defendant's failure to provide him with a statement when he was paid his wages that was compliant with NYLL § 195(3); and, (iii) attorneys fees and costs, interest and liquidated and punitive damages pursuant to the NYLL and the State Wage Order.

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FLSA, by 28 U.S.C. § 1331, this action arising under the laws of the United States and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

4. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

5. This Court has supplemental jurisdiction over state claims raised by virtue of 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred here and the Defendant resides here.

**PARTIES**

7. Defendant Aramark Services, Inc., is a domestic business entity duly existing under the laws of the State of New York.

8. At all relevant times herein, Plaintiff resided in Bronx County, New York.

9. At all relevant times herein, Plaintiff was employed by Defendant in New York County, New York, and Kings County, New York, and was an "employee" within the meaning of 29 U.S.C. § 203(e).

2

10. At all relevant times herein, Defendant employed Plaintiff as an "employee", as defined by 12 N.Y.C.R.R. § 142-2-14.

11. At all relevant times herein, Plaintiff was an "employee" of Defendant, as defined by NYLL § 2(5).

12. At all relevant times herein, Plaintiff was an "employee" of Defendant, as defined by NYLL § 190(2).

13. At all relevant times herein, Plaintiff was an "employee" of Defendant, as defined by NYLL § 651(5).

14. At all relevant times herein, Defendant was an "employer" of Plaintiff as defined in 29 U.S.C. § 203(d).

15. At all relevant times herein, Defendant was Plaintiff's "employer," as defined by NYLL § 2(6).

16. At all relevant times herein, Defendant was Plaintiff's "employer," as defined by NYLL § 190(3).

17. At all relevant times herein, Defendant was Plaintiff's "employer," as defined by NYLL § 651(6).

18. At all relevant times herein, Plaintiff was "employed" by Defendant, as defined by NYLL § 2(7).

19. At all times relevant herein, Defendant was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

20. At all relevant times herein, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

21. At all relevant times herein, Defendant was a "person" within the meaning of 29 U.S.C. § 203(a).

22. At all relevant times herein, Plaintiff was an employee engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

23. Defendant, at all relevant times herein, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

24. Upon information and belief, at all relevant times herein, Defendant had gross annual revenues in excess of $500,000.

25. Defendant is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

## STATEMENT OF FACT

26. Plaintiff started working for the Defendant on or around 2001 as a full-time Vendor Route-Man.

27. Plaintiff ceased working for Defendant in 2017.

28. Defendant accurately tracked the number of hours that Plaintiff worked but did not pay him overtime premium wages when he worked more than 40 hours in a calendar week.

29. As a Vendor Route-Man, Carson Wheeler was responsible for restocking vending machines with food and snacks, including but not limited to, potato chips, chocolate, candy, mints, pastries, chewing gum, etc.

30. When Plaintiff reported to work, his regular work hours were 5:30 a.m. to 3:30 p.m.

31. Plaintiff was assigned to work at a Brooklyn location on Mondays, Tuesdays, and Wednesdays.

32. Plaintiff was assigned to work at a Manhattan location on Thursdays and Fridays.

33. Plaintiff did not have or exercise supervisory authority over other individuals in their capacity as Vendor Route-Man during the relevant times.

34. Plaintiff did not have any responsibilities or duties involving the management of Defendant's enterprise or a subdivision thereof during the relevant times.

35. Plaintiff was not involved in any way with the Defendant's decisions to hire or fire employees during the relevant times.

36. Plaintiff did not make recommendations with respect to hiring, advancing, promoting, or changing the status of other employees during the relevant times.

37. Plaintiff did not have disciplinary authority over the Defendant's employees.

38. Plaintiff did not have the authority to approve or disapprove the Defendant's employees' requests for leaves of absence and vacations during the relevant times.

39. Plaintiff was entitled to an overtime premium of time and a half for hours worked in excess of forty (40) in a single workweek.

40. Defendant failed to pay Plaintiff his wages in compliance with federal and state law from during the relevant times by failing to pay him an overtime premium for hours worked in excess of forty (40) in a single workweek.

41. During the relevant times, Defendant suffered or permitted Plaintiff to work over forty (40) hours per week without properly compensating him.

42. For example, in or around the workweek beginning on Sunday, October 30, 2016, Plaintiff worked more than forty (40) hours in one calendar week without being paid an

overtime rate equal to one and half of his regular hourly rate after working the forty (40) hours.

43. For another example, in or around the workweek beginning on Sunday, November 6, 2016, Plaintiff also worked more than forty (40) hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty (40) hours.

44. For another example, in or around the workweek beginning on Sunday, November 13, 2016, Plaintiff also worked more than forty (40) hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty (40) hours.

45. For another example, in or around the workweek beginning on Sunday, November 20, 2016, Plaintiff also worked more than forty (40) hours in one calendar week without being paid an overtime rate equal to one and half of his regular hourly rate after working the forty (40) hours.

46. At all relevant times, Defendant knew that Plaintiff was entitled to overtime wages for the hours which Plaintiff worked in excess of forty (40) each workweek.

47. During Plaintiff's employment with Defendant, Defendant willfully, as defined in 29 U.S.C. § 255, refused to pay Plaintiff the statutory overtime amount of one-and-one-half times Plaintiff's regular hourly wage as required by the FLSA, the Federal Wage Regulations, NYLL and 12 N.Y.C.R.R. Part 142.

48. At all relevant times, Defendant willfully refused to record, report, credit, and pay Plaintiff for all of the hours that Plaintiff worked, in violation of the FLSA and the Federal Wage Regulations.

6

49. At all relevant times, Defendant willfully refused to record, report, credit, and pay Plaintiff for all of the hours that Plaintiff worked, in violation of the NYLL and the State Wage Order.

50. Throughout the duration of Plaintiff's employment with Defendant, Plaintiff was issued paystubs that did not conform to NYLL § 195(3), including, but not limited to the pay period being paid in the paystub and the number of hours that Plaintiff worked in the pay period.

## FIRST CLAIM OF RELIEF
## FAIR LABOR STANDARDS ACT

51. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation Plaintiff when he worked in excess of forty (40) hours in a single workweek.

53. As a result of the Defendant's willful failure to compensate Plaintiff one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.* and the Federal Wage Regulations.

54. As a result of Defendant's failure to record, report, credit, and/or compensate Plaintiff, Defendant failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.* and the Federal Wage Regulations.

55. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant unpaid overtime wage compensation and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

57. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

*58.* Defendant willfully violated the rights of Plaintiff by failing to pay him minimum overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek as required by NYLL Articles 6 and 19 and their implementing regulations, 12 N.Y.C.R.R. § 142-2, *et seq*.

59. Defendant's failure to pay hourly wages due under NYLL have caused Plaintiff to suffer loss of wages and interest thereon.

60. Defendant's failure to comply with the NYLL minimum wage and overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

61. Defendant's failure to pay proper minimum and overtime wages for each hour worked over forty (40) hours per week was willful within the meaning of NYLL § 663.

62. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, prejudgment

8

interest, reasonable attorneys' fees and costs and disbursements in connection with this action, pursuant to NYLL §§ 198 and 663(1).

### THIRD CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW

63. Plaintiff repeats and re-allege each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

64. Defendant willfully violated Plaintiff's rights by failing to provide him with a weekly wage statement compliant with NYLL § 195(3).

65. Defendant's NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

66. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant damages in connection with this action, pursuant to NYLL § 198, including $5,000 in statutory damages and attorneys fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b) An injunction against Defendant and their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of minimum and overtime compensation due under the FLSA and the NYLL;

9

d) An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to FLSA § 216;

e) An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to NYLL;

f) An award of statutory damages under NYLL § 195(3);

g) An award of prejudgment and post judgment interest;

h) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

i) Such other and further relief as this Court deems just and proper.

Date: December 11, 2017
New York, New York

The Law Offices of
Fausto E. Zapata, Jr., P.C.

By: _____
Fausto E. Zapata, Jr. (FZ4957)
*Attorneys for Plaintiff*
277 Broadway, Suite 206
New York, NY 10007
Tel. (212) 766-9870
